# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Alfonso P., | File No. 26-CV-1157 (JMB/LIB) |
| Petitioner, | |
| v. | |
| Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director, Immigration and Customs Enforcement*; Pamela Bondi, *Attorney General*; Joel Brott, *Sheriff of Sherburne County* | ORDER |
| Respondents. | |

Rachel M. Engebretson MN, for Alfonso P.

David W. Fuller and Jesus Cruz Rodriguez, United States Attorney's Office, Minneapolis, MN, for Respondents Kristi Noem, Todd M. Lyons, Pamela Bondi.

This matter is before the Court on Petitioner Alfonso P.'s[1] Amended Petition for Writ of Habeas Corpus ("Amended Petition") under 28 U.S.C. § 2241. (Doc. No. 3 [hereinafter, "Am. Pet."].) Respondents Kristi Noem, Todd M. Lyons, Pamela Bondi, and Joel Brott (together, "Respondents") are named in the Petition. For the reasons explained below, the Court grants the Petition in part.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

## FINDINGS OF FACT[2]

1. Alfonso P. is a native and citizen of Mexico who entered the United States without inspection in 2007. (Am. Pet. ¶¶ 36–37.)

2. Alfonso P. has filed for U-Visa status and has been issued employment authorization while his application is pending. (*Id.* ¶ 39.)

3. There is no information in the record that Alfonso P. has any criminal history.

4. Respondents detained Alfonso P. without a warrant on or about February 6, 2026. (*Id.* ¶¶ 41–42.)

5. On February 6, 2026, Alfonso P. filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc No 1.) That same day he filed an Amended Petition. (Am. Pet.) Alfonso P. seeks a bond hearing pursuant to 8 U.S.C. § 1226(a) or immediate release. (*Id.* at 20–21.) Alfonso P. also seeks a variety of additional relief from the Court, including a declaration that Respondents' decision violates the Administrative Procedure Act and the Due Process Clause of the Fifth Amendment as well as an award of attorney fees and costs pursuant to the Equal Access to Justice Act. (*Id.*)

6. Also on February 6, 2026, the Court ordered Respondents to file a response to the Petition by February 9, 2026, at 11:00 a.m. CST. (Doc. No. 4.) Respondents timely filed a response. (Doc. No. 5.)

---

[2] Because Respondents did not contest any of the factual allegations in the Petition, these allegations are deemed admitted. *See, e.g.*, *Bland v. California Dep't of Corr.*, 20 F.3d 1469, 1474 (9th Cir. 1994) ("When the State's return fails to dispute the factual allegations contained in the petition and traverse, it essentially admits those allegations."), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000).

## DISCUSSION

For the reasons discussed below the Court grants Alfonso P.'s Amended Petition in part.[3] Respondents argue that Alfonso P's detention is mandatory pursuant to 8 U.S.C. § 1225(b). For the reasons discussed below, the Court concludes that because section 1225(b) is not applicable to him, and that Alfonso P. is entitled to a bond hearing pursuant to section 1226(a)(1). Separately and independently, the Court also finds that Respondents failed to issue a response concerning whether the absence of a warrant preceding Alfonso P.'s arrest necessitates his immediate release and, consequently, the Court orders Alfonso P.'s immediate release.

### A.   Constitutional Guarantee of Habeas Review

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through

---

[3] Because Alfonso P.'s arguments primarily concern his entitlement to a bond hearing and immediate release, the Court determines that here, the bond hearing and immediate release is the primary relief sought under 28 U.S.C. § 2241 and declines to address the remaining relief requested.

a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

### B.     Interpretation of Section 1225

Courts have overwhelmingly rejected Respondents' interpretation that section 1225(b)(2) requires the mandatory detention of all noncitizens living in the country who are "inadmissible" because they entered the United States without inspection. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 & n.22 (S.D.N.Y. Nov. 26, 2025) (noting that this interpretation had been rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A); *Jose Andres R.E. v. Bondi*, No. 25-CV-3946 (NEB/DLM), 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases); *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5–6 (D. Minn. Oct. 1, 2025) (collecting cases). This Court also finds Respondents' interpretation unpersuasive.

When interpreting a statute, "every clause and word of a statute should have meaning." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023) (internal quotation marks omitted) (quoting *Montclair v. Ramsdell,* 107 U.S. 147, 152 (1883)). Noncitizens who have been residing in the United States but who entered without inspection have not, historically, been considered to still be "arriving" under

section 1225(b).  This is because the statute itself states that, in order to apply, several conditions must be met; specifically, an immigration officer must determine that the noncitizen "is an applicant for admission . . . seeking admission . . . [and] not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A).  Determining the plain meaning of the statute requires consideration of the tense of the verb "is" and the present participle "seeking."  Here, section 1225(b)(2) applies to persons who presently are applicants for admission and who presently are seeking admission at the time of their detention.  To be seeking admission means to be seeking entry, which "by its own force implies a coming from outside." *United States ex rel. Claussen v. Day*, 279 U.S. 398, 401 (1929).  In this case, Alfonso P. has been residing in the United States and is, therefore, not currently "seeking admission" into the United States.

In addition, Respondents' interpretation of 1225(b)(2) renders superfluous other immigration laws.  Specifically, interpreting section 1225(b)(2) as applying to noncitizens who have already entered the country and are not currently seeking admission into the country, as Respondents urge, would render meaningless a recent amendment to section 1226 by the Laken Riley Act (LRA).  The LRA added new categories of noncitizens subject to mandatory detention under section 1226(c), and one such category was for noncitizens lacking valid documentation *and* who have been charged with or convicted of certain crimes.  *See* 8 U.S.C. § 1226(c)(1)(E)(i)–(ii).  But if Respondents' interpretation of section 1225 were correct, then there would have been no need for the LRA to create these additional categories because all noncitizens who are present in the United States and have

not been admitted would have already been ineligible for bond under section 1225(b)(2)(A).

The Court also agrees with those courts that have found that Respondents' interpretation of section 1225(b) is "at odds with both the relevant legislative history and longstanding agency practice." *Belsai D.S.*, 2025 WL 2802947, at *7; *see, e.g.*, *Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1150 (D. Minn. 2025) (discussing the longstanding practice of treating noncitizens who resided in the United States, but who had entered without inspection, as being subject to section 1226(a)).

For these reasons, the Court finds that Alfonso P.'s detention is governed by section 1226(a), and he is not subject to section 1225(b)'s mandatory detention.[4] Pursuant to section 1226(a), Alfonso P. is entitled to a bond hearing. 8 U.S.C. § 1226(a)(1)(2); *see*

---

[4] Separate and apart from the other reasons listed in this Order, the Court also is compelled to grant the portion of the Petition requesting a bond hearing because Alfonso P. is a member of the class certified under *Maldonado Bautista v. Santacruz*, Case No. 5:25-cv-1873, Doc. No. 92 (C.D. Cal. Dec. 18, 2025). (Am. Pet. ¶¶ 1–6.) The *Maldonado Bautista* class includes:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). As a class member, Alfonso P. is subject to that court's declaratory relief and final judgment holding that class members are not subject to mandatory detention and are instead entitled to a bond hearing under section 1226(a).

*also Belsai D.S.*, 2025 WL 2802947, at *5–6; *Jose Andres R.E.*, 2025 WL 3146312, at *1 n.2. Accordingly, the Court grants the Amended Petition to the extent Alfonso P. seeks a bond hearing.[5]

### C. Independent Grounds for Relief

Alfonso P. also alleges that Respondents are improperly detaining him without the required administrative warrant to do so. (Am. Pet. ¶¶ 42, 48.) He seeks immediate release unless Respondents can produce an administrative warrant of arrest. (*Id.* at 21.) The Court agrees with other judges in this District who have concluded that an arrest warrant is a prerequisite to detention under section 1226(a). *See Ahmed M. v. Bondi*, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Juan S.R. v. Bondi*, No. 26-CV-5 (PJS/LIB), Doc. No. 8 at 3–4 (D. Minn. Jan. 1, 2026). *See also* 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, [a noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." (emphasis added)). The Petition alleges that Alfonso P.'s arrest was warrantless (Pet. ¶¶ 1, 42), and Respondents have not presented evidence to the contrary. Consequently, the Court grants the Petition and orders Alfonso P.'s immediate release.

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Amended Petition (Doc. No. 3) is GRANTED in

---

[5] The Court does not address the Petition's request for an award of fees and costs under the Equal Access to Justice Act; Alfonso P. may move separately for such relief within 30 days of final judgment in this action. 28 U.S.C. § 2412(d)(1)(B).

part and DENIED in part, as follows:

1. Respondents are ORDERED to release Petitioner from custody <u>immediately</u> in Minnesota without conditions, and in any event no later than <u>4:00 p.m. CST on February 10, 2026</u>.

2. On or before <u>11:00 a.m. CT on February 11, 2026</u>, counsel for Respondents shall file a letter affirming that Petitioner was released from custody in accordance with this Order. Counsel shall also file a declaration on or before <u>11:00 a.m. CT on February 11, 2026</u>, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all relevant documentation concerning the Petitioner's release, and affirms that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation). If Petitioner was transferred out of Minnesota prior to the Court's Order granting the Petition, counsel shall also file a declaration on or before <u>11:00 a.m. CT on February 11, 2026</u>, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that includes the following: (a) the name or names of any individual or individuals who authorized Petitioner's transfer outside of Minnesota; (b) the basis for the transfer; (c) the time and date when that decision was made; (d) the time and date when Petitioner was moved; and (e) what efforts Respondents took to return Petitioner to Minnesota as ordered by the Court.

3. Respondents shall not remove, transfer, or otherwise facilitate the removal of Petitioner from the District of Minnesota prior to compliance with Paragraphs 1–3 of this Order.

4. To the extent Petitioner seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 9, 2026                                  /s/ *Jeffrey M. Bryan*
                                                                            Judge Jeffrey M. Bryan
                                                                            United States District Court